UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at London)

| | |
|---|---|
| DAVID THORNSBURY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-342-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES PAROLE ) | **MEMORANDUM OPINION** |
| COMMISSION, et al., ) | **AND ORDER** |
| ) | |
| Respondents. ) | |

*** *** *** ***

This matter is pending for consideration of David Thornsbury's ("Thornsbury") petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. [Record No. 2] Thornsbury filed this petition on October 3, 2007, while he was an inmate at the Federal Correctional Institution in Manchester, Kentucky. However, on December 20, 2007, the Petitioner was released from incarceration and is currently serving a term of supervised release. Because Thornsbury has been released from custody and there are no collateral consequences stemming from the execution of his sentence, his request for habeas corpus relief is moot and his petition will be denied.

## I.   BACKGROUND

On February 4, 1988, Thornsbury was convicted of four federal felony counts and sentenced to a total of 420 months. Based on the Petitioner's analysis of the Bureau of

Prisons's ("BOP") sentencing calculation guidelines, Thornsbury concluded that should be released on or about December 5, 2007. [Record No. 2, p. 5] However, on June 7, 2007, he received a Notice of Action from the United States Parole Commission ("USPC") stating that the Petitioner would be paroled from his 360-month term on August 6, 2007, and that he would then begin a 60-month nonparolable term.[1] [*Id.*, p. 6] After exhausting available administrative remedies, Thornsbury filed this petition for habeas corpus relief, alleging that the BOP and the USPC were "erroneously and illegally detaining [him] beyond the date he is entitled to be released by statute and regulation." [*Id.*, pp. 6–7]

Between the filing of this petition and the subsequent response by the USPC on December 10, 2007, the USPC contacted the BOP's Designation and Sentence Computation Center ("DSCC"). Based on its own evaluation, the DSCC concluded that both Thornsbury and the USPC had erroneously calculated his release date, and that Thornsbury should be released on December 20, 2007. [Record No. 12, pp. 3–4]

Thornsbury was released from custody to serve a term of supervised release on December 20, 2007. Therefore, the issue before the Court is whether there remains a case or controversy for this Court to hear.

## II. ANALYSIS

The United States Constitution limits a federal court's jurisdiction to only matters where an actual case-or-controversy exists. U.S. CONST., art. III. To meet the case-or-

---

[1] Thornsbury was not eligible for release on parole for the 60-month term for violating 18 U.S.C. § 924.

controversy requirement, parties must have a personal stake in the outcome of the lawsuit at all stages of federal judiciary proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* While in custody, the case-or-controversy requirement is always satisfied. *Id.* However, if the petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequences' of the conviction — must exist if the suit is to be maintained." *Id.* (citation omitted).

Thornsbury does not allege that he currently suffers from any collateral consequences, and the presumption of collateral consequences is only extended to cases where a petitioner attacks his conviction, not the execution of his sentence. *See Id.* 8–14. In fact, the Court notes that Thornsbury has not continued to pursue this petition since his release from prison.[2] In short, Thornsbury has been released from prison and there are no collateral consequences alleged which would create an actual case or controversy in this matter. Therefore, the Court holds that this petition is moot.

### III. CONCLUSION

Based on the foregoing analysis, it is hereby

---

[2] Thornsbury never filed a reply which was due approximately two weeks after he was released from prison. *See* Record No. 15.

**ORDERED** that David Thornsbury's petition for habeas corpus [Record No. 1] is **DENIED**. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 12th day of December, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge